**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4545**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAIME SALAZAR GALLEGOS, a/k/a Flaco,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (4:05-cr-00092-H)

Submitted:  January 31, 2007          Decided:  February 21, 2007

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jaime Salazar Gallegos pled guilty pursuant to a plea agreement to one count of conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Because the district court determined Gallegos was responsible for 2.5 kilograms of cocaine powder, Gallegos was sentenced to 100 months' imprisonment. We find no error and affirm Gallegos's conviction and sentence.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). He first asserts that there is "a genuine issue about whether the appeal waiver in the plea agreement is knowing and intelligent." Counsel next questions whether the magistrate judge fully complied with the requirements of Rule 11.[1] Finally, counsel contends the district court violated Blakely v. Washington, 542 U.S. 296 (2004), because it sentenced Gallegos based on a drug weight that was not admitted, alleged in the indictment, nor found by jury beyond a reasonable doubt. However, counsel concluded this argument was "foreclosed" by United States v. Booker, 543 U.S. 220 (2005).[2]

---

[1]Gallegos consented to enter his plea before a magistrate judge pursuant to 28 U.S.C. § 636 (2000).

[2]As Gallegos was sentenced post-Booker, and Gallegos concedes there was not a Sixth Amendment violation under Booker, we do not address this issue.

In his pro se supplemental brief, Gallegos joins his counsel's assertion that his appellate waiver was not knowingly and intelligently made. Additionally, Gallegos contends the district court erred by finding the drug weight by a preponderance of the evidence rather than beyond a reasonable doubt. Gallegos further contends his sentence is procedurally unreasonable because the district court failed to make specific findings on the record. The Government elected not to file a responsive brief.

Gallegos first challenges the voluntariness of the appellate waiver provision in his plea agreement. However, because the Government has not sought to enforce the waiver, we have not considered it. Accordingly, we need not address whether Gallegos's agreement to the appellate waiver was knowing, intelligent, or voluntary.

Next, Gallegos contends the magistrate judge did not fully comply with the requirements of Rule 11. Because Gallegos did not seek to withdraw his guilty plea in the district court, we review any alleged Rule 11 error for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To establish plain error, Gallegos must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. White, 405 F.3d 208, 215 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). We have reviewed the record and find no error.

Gallegos next contends the district court erred by sentencing him based on facts that were not proven beyond a reasonable doubt. However, after <u>Booker</u>, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005). This court has previously noted that sentencing factors should continue to be evaluated based on the preponderance of the evidence. <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005). As Gallegos's sentence was imposed post-<u>Booker</u>, the district court's use of a preponderance of the evidence standard was proper.

Further, in imposing Gallegos's sentence, the district court stated that it had considered the advisory guideline range, the relevant § 3553(a) factors, and <u>Booker</u>. The court determined that a sentence at the low end of the guideline range was appropriate as it was "a significant sentence." Though Gallegos asserts in his pro se supplemental brief that his sentence is procedurally unreasonable because the district court failed to make specific findings, and the court concededly failed to explicitly discuss the various § 3553(a) factors on the record, we conclude it does not render Gallegos's sentence unreasonable. The district court satisfied its obligations by explicitly stating at the sentencing hearing that it had considered both the advisory

- 4 -

guidelines as well as the relevant factors set forth in § 3553(a). See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) ("Requiring district courts to address each factor on the record would . . . be an exercise in unproductive repetition that would invite flyspecking on appeal.").

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly we affirm Gallegos's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED